Kira M. Rubel (CA. SBN 253970)
krubel@kmrlawfirm.com
**LAW OFFICES OF KIRA M. RUBEL**
555 West Beech Street, Suite 230
San Diego, California 92101
Telephone: (800) 836-6531

*Attorney for Plaintiff Ryan Rubel*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RYAN RUBEL, an individual,** )<br><br>)<br>    **Plaintiff,** )<br><br>)<br>**vs.** )<br><br>)<br>**ENHANCED RECOVERY** )<br>**COMPANY LLC, a Limited Liability** )<br>**Company** )<br><br>)<br>    **Defendant.** )<br>_____)<br>)<br>) | **CASE NO.** <u>'15CV2340 W   KSC</u><br><br>Complaint for Damages and Injunctive Relief Pursuant To<br><br>• The Telephone Consumer Protection Act, 47 U.S.C § 227,<br>• The Fair Debt Collection Practices Act 15 U.S.C. §§ 1692 *et seq*, AND<br>• The Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 *et seq*.<br><br>***Jury Trial Demanded*** |

### INTRODUCTION

1.     Plaintiff Ryan Rubel ("Plaintiff") brings this case for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant Enhanced Recovery Company, LLC and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or related entities (collectively "Defendant" or "ERC"), in negligently, and/or willfully, contacting Plaintiff on his cellular telephone without his prior express consent, in

1

violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 ("FDCPA"), and the California Fair Debt Collection Practices Act, Cal. Civ. Code §1788 ("CFDCPA" or "Rosenthal Act"). Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

2.      Jurisdiction is proper under 28 U.S.C. § 1331 because Plaintiff alleges claims arising under two federal statutes; the TCPA and FDCPA.   The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the CFDCPA, since this California state law claim is integrally related to the Federal claims such that they form part of the same case or controversy.

3.      Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced, and because Defendant's contacts with this district are sufficient to subject it to personal jurisdiction.   Defendant made multiple calls to Plaintiff in violation of the above identified statutes within this judicial district.

## PARTIES

4.      Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California who resided in San Diego, California.

5.      Plaintiff is informed and believes, and thereon alleges, that Defendant is a debt collector, and is, and at all times mentioned herein was, a Florida company, whose primary corporate offices are located at 8014 Bayberry Road, Jacksonville, Florida 32256. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of San Diego, and within this judicial district.    ERC provides services for accounts receivable management and debt collection services for debts owned by other entities. Defendant attempts to collect debts by, among other means, making calls to cellular phones.

2

## Factual Allegations

6.    At all times relevant to the facts in this complaint, Plaintiff was a citizen of the State of California.   Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (32).

7.    Defendant is, and at all times mentioned herein was, an entity that meets the definition of "person," as defined by 47 U.S.C. § 153 (32).

8.    At all times relevant Defendant conducted business in the State of California and in the County of San Diego, within this judicial district.

9.    Beginning no later than November of 2014 and continuing through December of 2014, Defendant called Plaintiff on his cellular telephone number, ending in "9617", in an attempt to collect on an alleged debt.

10.    Although Plaintiff does not recall the exact number of times he picked up such calls, he does recall that he picked up one of the first illegal debt collection calls and informed Defendant that he did not owe the debt about which they were calling and to cease the collection efforts to his cell phone. Regardless, Plaintiff received multiple calls per day from Defendant and believes he received 30 or more calls during the November to December 2014 timeframe.

11.    Plaintiff does not know why he was being called by ERC and, on more than one occasion, told the agents at ERC that he did not owe the debt and to stop calling him.

12.    Plaintiff also personally called ERC on December 2, 2014 at (800) 882-2881 and spoke to an agent about the harassing phone calls. (ERC internal reference # 107-788-646).  Plaintiff once again informed the agent that he did not owe any debt which was in collections and that they must be trying to reach someone else. The agent asked for personal information, such as Plaintiff's social security number, but Plaintiff would not, fearing identity theft. ***The agent agreed that Plaintiff was probably the wrong person***, ***but informed him that they would just continue calling him since he would not provide her with his social security number.***

13.    Regardless, the harassing and distressing, illegal phone calls to his cell phone continued unabated from November to December 2014.

///

3

### FIRST AND SECOND CAUSE OF ACTION ARISING UNDER
### THE TELEPHONE CONSUMER PROTECTION ACT
### (TCPA), 47 U.S.C. § 227

6.     In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA)[1], in response to a growing number of consumer complaints regarding certain telemarketing practices.

7.     The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers."    Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

8.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.    The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

9.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and/or prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[4]   The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA).  The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*
[2] 47 U.S.C. § 227(b)(1)(A)(iii).
[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).
[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*2008 FCC*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

Complaint for Damages

the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[5]

10.    On July 10, 2015, the FCC clarified its definition of autodialer once again, stating that it was the *capacity* of the dialer, not the present use, which was the deciding factor:

> **We reaffirm our previous statements that dialing equipment generally has the capacity to store or produce, and dial random or sequential numbers (and thus meets the TCPA's definition of "autodialer") even if it is not presently used for that purpose, including when the caller is calling a set list of consumers. We also reiterate that predictive dialers, as previously described by the Commission, satisfy the TCPA's definition of "autodialer" for the same reason.[6]**

11.    The 2015 FCC Order made clear that, in the case of reassigned numbers, the Defendant is permitted one "free" call in violation of the TCPA. After the first call, each call is a violation of the TCPA: "We clarify that the TCPA requires the consent not of the intended recipient of a call, but of the current subscriber (or non-subscriber customary user of the phone) and that caller best practices can facilitate detection of reassignments before calls."[7]

12.    Plaintiff has suffered classic violations of the TCPA as a result of ERC's illegal conduct.

13.    Plaintiff did not provide any entity, including Defendant, with his cellular telephone number at any time.   Plaintiff did not give Defendant prior express consent to call him on his cellular telephone with the use of an autodialer and/or prerecorded message, pursuant to 47 U.S.C. § 227 (b)(1)(A).

14.    Notwithstanding the fact Plaintiff did not provide Defendant his cellular number at any time, Defendant, or its agents, have called Plaintiff on his cellular

---

[5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

[6] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("2015 FCC Order), CG Docket No. 02-278, WC Docket No. 07-135, at ¶ 10.

[7] 2015 FCC Order, ¶ 71.

Complaint for Damages

telephone via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) and by using "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227 (b)(1)(A).

15.     Plaintiff alleges on personal knowledge that, when he would pick up a collection call from Defendant, he would hear silence for a few seconds before being connected to a representative.  Thus, Plaintiff believes the calls were made using an ATDS.

16.     This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.

17.     The telephone number Defendants and/or their agents called is assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

18.     These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

19.     These telephone calls by Defendants and/or their agents violated 47 U.S.C. § 227(b)(1).

20.     Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 *ET SEQ.***

21.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

23.     As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every

**Complaint for Damages**

violation, pursuant to 47 U.S.C. § 227(b)(3)(B).  Plaintiff is also entitled to and does seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 *ET SEQ.*

24.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.    The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

26.    As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

27.    Plaintiff is also entitled to and does seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION
## THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA)
## 15 U.S.C. § 1692

28.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29.    Established in 1978, the FDCPA prohibits false, deceptive, misleading, harassing, abusive and offensive conduct during the collection of consumer debts by a debt collector.

30.    "Debt Collectors" include any person who uses any instrumentality of interstate commerce (phone, mail, email) in any business, the principal purpose of which is collection of the debts of another. 15 U.S.C. § 1692a(6).  Defendant clearly qualifies as a debt collector under this definition.

31.    Under the FDCPA, specific debt collection practices are made illegal.  Section 1692e prohibits a debt collector's use of 'any false, deceptive or misleading

**Complaint for Damages**

representation or means in connection with the collection of any debt.'  Section 1692e(2) also prohibits '[t]he false representation of…the character, amount, or legal status of any debt.' Moreover, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt under Section 1692f.   A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt under Section 1692d. Moreover, a debt collector is required to send a letter validating the debt to the debtor within five (5) days of the first contact under Section 1692g.

32.    Whether a debt collector has engaged in violations of the FDCPA will be interpreted from the perspective of the "least sophisticated consumer." <u>Swanson v. Southern Oregon Credit Service, Inc.</u>, 869 F.2d 1222, 1225 (9th Cir. 1988).

33.    Here, Plaintiff was repeatedly contacted, sometimes multiple times per day, in connection with a debt he did not owe. Plaintiff repeatedly stated that he owed no debt about which they could be calling and that he was, in fact, not in collections for any debt.   He repeatedly informed Defendant that they had called the wrong person. Regardless, Defendant never sent Plaintiff a letter validating the debt.

34.    In spite of Plaintiff's clear statements, Defendant harassed, bullied, and badgered Plaintiff to either pay the debt or to provide them with personal, sensitive information that would show he was not the debtor. Plaintiff did not want to give his social security number, home address, or other personal information to a stranger on the telephone, for fear that it could result in identity theft.  Despite all this and despite Plaintiff's repeated requests to stop calling, Defendant's actions continued for two months.

35.    Defendant was required to send Plaintiff a letter validating the debt.   This failure is even more egregious since Plaintiff continually informed Defendant that he did not owe the debt and to stop calling.

36.    Defendant's calls went on for two months, during which Plaintiff was harassed for money he did not owe.  These calls contained misleading information in violation of Section 1692e because the debt collector insisted it had the right number and that he owed a debt.  These calls also constituted unfair practices under Section 1692f and

8

were harassing, in violation of Section 1692d, since the debt collector stated Defendant would keep calling in spite of Plaintiff's protestations that it was calling the wrong person. Finally, Defendant violated Section 1692g because it did not send a letter validating the debt to Plaintiff.

37. As a result of Defendant's conduct, Plaintiff suffered emotional distress and lost sleep on a regular basis. Although he did not seek formal medical treatment for his emotional distress, he found these calls to be a nuisance and caused him significant worry and mental anguish.

38. Accordingly, Plaintiff requests that this Court grant statutory damages of $1,000 as provided under Section 1692k of the FDCPA. Defendant's noncompliance with this statute was frequent, since it called Plaintiff multiple times in a day, and intentional, since Plaintiff repeatedly informed Defendant that they had called the incorrect person.

39. Plaintiff also requests damages for his emotional distress, an award of attorney's fees and costs under Section 1692k of the FDCPA, and such further and other relief as the Court deems appropriate.

### FOURTH CAUSE OF ACTION
### THE ROSENTHAL ACT
### CAL. CIV. CODE §§1788, *ET SEQ*.

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The Rosenthal Act was established in 1977 to combat abusive and harassing debt collection practices. This Act may be brought in conjunction with the FDCPA.

42. The CFDCPA provides that, "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive of, and shall be subject to the remedies of 1692k of Title 15 of the United States Code." Cal. Civ. Code § 1788.17. In short, any violation of the FDCPA is also a violation of the CFDCPA.

Complaint for Damages

43.    As stated above, Defendant failed to comply with Sections 1692d, 1692e, 1692f, and 1692g.  Defendant employed unfair, unconscionable, and harassing means of collecting upon this debt by among other things, repeatedly calling Plaintiff, refusing to take Plaintiff out of its list in spite of his protestations that he was not the debtor and that they did not have permission to call his cell phone.

44.    As a result of Defendant's conduct, Plaintiff suffered emotional distress and lost sleep on a regular basis.  Although he did not seek formal medical treatment for his emotional distress, he found these calls to be a nuisance and caused him significant worry and mental anguish.

45.    Pursuant to California Civil Code Section 1788.17, Defendant's violations of the FDCPA entitle Plaintiff to the remedies of Section 1692k, including an award of statutory damages, emotional distress damages, costs, and attorney's fees.

46.    Pursuant to Section 1788.32 of the California Civil Code, the remedies available are "intended to be cumulative and in addition to any other remedies under any other law."  *See* Gonzales v. Arrow Fin. Servs., LLC, 660 F.3d 1055, 1068 (9th Cir. 2011), *accord* Lachi v. GE Capital Bank, 993 F. Supp. 2d 1228, 1232 (S.D. Cal. 2014).  Thus, Plaintiff may cumulatively recover damages under the CFDCPA and the FDCPA.

47.    Accordingly, Plaintiff requests that this Court grant damages as provided under Section 1788.17 of the CFDCPA, compensation for Plaintiff's emotional damages, an award of attorney's fees and costs, and such further and other relief as the Court deems appropriate.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227

•    As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $500.00 (five-hundred dollars) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

10

Complaint for Damages

• Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

• Any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227**

• As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks treble damages, as provided by statute, up to $1,500.00 (one-thousand-five-hundred dollars) for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

• Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

• Any other relief the Court may deem just and proper.

**THIRD CAUSE OF ACTION FOR VIOLATIONS OF THE FDCPA**

• As a result of Defendant's violations of the FDCPA, Plaintiff seeks for $1,000 in statutory damages, as provided by statute.

• Injunctive relief prohibiting such conduct in the future.

• Emotional Distress Damages.

• An award of attorneys' fees and costs to counsel.

• Any other relief the Court may deem just and proper.

**FOURTH CAUSE OF ACTION FOR VIOLATIONS OF THE CFDCPA**

• As a result of Defendant's violations of the CFDCPA, Plaintiff seeks for $1,000 in statutory damages, as provided by statute.

• Injunctive relief prohibiting such conduct in the future.

• Emotional Distress Damages.

• An award of attorneys' fees and costs to counsel.

• Any other relief the Court may deem just and proper.

///
///
///

11

Complaint for Damages

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all counts so triable.

Date: October 16, 2015      **LAW OFFICES OF KIRA M. RUBEL**

By: _/s/ Kira M. Rubel_
Kira M. Rubel
**_Attorney for Plaintiff_**

12

**Complaint for Damages**